UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESUS C. FOLGAR and BLANCA M. FOLGAR,<br><br>Plaintiffs,<br><br>v.<br><br>ALI MOHAMED NUR and JANE/JOHN DOE NUR, husband and wife/spouse and their marital community composed thereof; MV PUBLIC TRANSPORTATION, INC., a foreign profit corporation,<br><br>Defendants. | Case No. C20-595RSM<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND |

This matter comes before the Court on Plaintiffs Jesus C. Folgar and Blanca M. Folgar's Motion for Remand. Dkt. #22. Plaintiffs move the Court for an order remanding this action to King County Superior Court due to a lack of subject matter jurisdiction. Plaintiffs assert Defendant MV Public Transportation is a corporate citizen of the state of California, Plaintiffs are domiciled in California as was stated in the Complaint, that Plaintiff Blanca Folgar is a dual citizen of the United States and Canada, and that all of this taken together destroys complete diversity. *Id.*

This case was originally filed in King County Superior Court on March 30, 2020, and deals with a traffic accident that occurred in Seattle. Dkt. #1-1. The Complaint states that

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND - 1

Plaintiffs resided in Canada at the time of the collision, but now reside in California. *Id*. at 1. Defendant Ali Nur is believed to be a resident of King County, Washington, while Defendant MV Public Transportation, Inc., is simply listed as a "foreign profit corporation providing passenger transportation services in King County, WA." *Id*. at 2.

In Response to this Motion, Defendants argue that Plaintiffs resided in Canada at the time of the incident, continue "holding out" that they have a Canadian residence, and are merely alleging that they are residents of California to defeat diversity. Dkt. #25. Defendants discuss the difference between being a resident of California and being domiciled in that state but fail to present evidence that Plaintiffs are not domiciled in California. Defendants argue it was reasonable to assume that Plaintiffs were residents of Canada at the time of removal, despite what the Complaint says, "given the allegations in the Complaint, the police report, and the documents sent to Defendants' insurer in March 2020, shortly before this Complaint was filed." *Id*. at 2.

On Reply, Plaintiffs provide copies of their California identification cards, including a California driver's license for Plaintiff Blanca Folgar with the address redacted. *See* Dkt. #28.

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). 28 U.S.C. § 1447(c). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. *Id.* When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). For the purposes of the diversity jurisdiction statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND - 2

incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1). Jurisdiction under Section 1332 requires complete diversity of citizenship, so each plaintiff must be diverse from each defendant. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553, 125 S. Ct. 2611, 162 L.Ed.2d 502 (2005). Typically it is presumed "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

Strictly construing the removal statute against removal jurisdiction, the Court finds that Defendants have not met their burden of establishing that removal was proper. The question of the diversity of the citizenship of the parties is jurisdictional and may be raised at any time. When the Complaint was originally filed, it was clear that Plaintiffs were alleging that they were residents of California. Defendant MV Public Transportation has always known that it was a corporate citizen of California. When this case was removed, Defendants asserted that "there is complete diversity of citizenship." Dkt. #1 at 2. Defendants did not address the fact that the Plaintiffs and one of the Defendants ostensibly reside in the same state, California. Defendants attempt now to question whether Plaintiffs are actually domiciled in California fall flat—at least one Plaintiff is apparently a U.S. citizen with a California driver's license. Defendants have the burden to establish this Court's jurisdiction and have failed to do so.

Plaintiffs request costs and fees in the amount of $4,160 under 28 U.S.C. § 1447(c). Under 28 U.SC. §1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding fees turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Courts may award attorney's fees under 28 U.S.C. §1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Id*. The Court finds that Defendants' removal of this case was not reasonable because Defendants have failed to demonstrate diligence in investigating the obvious-from-the-Complaint question of Plaintiffs' connection to California, and will award the requested fees and costs.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Plaintiffs' Motion to Remand (Dkt. #22) is GRANTED.

2. Plaintiffs are AWARDED fees and costs in the amount of $4,160 under 28 U.S.C. § 1447(c).

3. This case is hereby REMANDED to King County Superior Court.

4. All pending Motions are STRICKEN as MOOT. This matter is now CLOSED.

DATED this 11th day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND - 4